## Mark CARPENTER and Johnson County, Appellants,

v.

## Rodney BARNER, Individually and as Next Friend for Adam Jake Barner, a Minor; Renee Barner, Individually and as Next Friend for Adam Jake Barner, a Minor; and Adam Jake Barner, a Minor, Appellees.

### No. 10–89–039–CV.

Court of Appeals of Texas, Waco.

June 21, 1990.

Rehearing Denied July 26, 1990.

Paul Peebles, Peebles, Betty & Brantley, Stephen L. Tatum, Thompson & Knight, and Catherine Jane Adler, Fort Worth, and

Dale Hanna, County Atty., Cleburne, for appellants.

Mark A. Nacol and Michael P. Wortham, Mark A. Nacol and Associates, P.C., Dallas, for appellees.

## OPINION

THOMAS, Chief Justice.

At 12:45 A.M. on July 27, 1986, Johnson County Constable Mark Carpenter stopped a Dodge Ram Charger because its taillights were not operating. While both vehicles were stopped on the paved shoulder of Interstate 35, a car driven by Jimmy Ranspot struck Carpenter's car and the left side of the Dodge. Rodney Barner, who was attempting to repair the taillight fuse under the dashboard of the Dodge, was severely injured in the collision.

Barner and his wife sued Johnson County under the Texas Tort Claims Act and sued Carpenter individually, alleging several acts of negligence on Carpenter's part. They also sued Ranspot but settled with him prior to trial. Based on jury findings in the Barners' favor, the court entered a judgment against Johnson County for $200,000 and against Carpenter for $2,832,-000.

■ Carpenter was protected by official immunity as a matter of law. As he was not personally liable to the Barners for any negligent acts, Johnson County was not liable to them under the Tort Claims Act. Accordingly, the judgment will be reversed and a judgment rendered that the Barners take nothing.

■ Government officers have a common-law immunity from personal liability while performing discretionary duties in good faith within the scope of their authority. *See Campbell v. Jones,* 153 Tex. 101, 264 S.W.2d 425, 427 (1954). This immunity, variously known as governmental, official, quasi-judicial or qualified immunity, evolved out of a public policy that encourages public officers to carry out their duties without fear of personal liability. *Austin v. Hale,* 711 S.W.2d 64, 68 (Tex. App.—Waco 1986, no writ) (quoting *Baker v. Story,* 621 S.W.2d 639, 643–44 (Tex.Civ.

App.—San Antonio 1981, writ ref'd n.r.e.)). Otherwise, "the prudent would be reluctant to enter governmental service and even competent persons who entered public life would not be zealous in discharging their duties." *Baker,* 621 S.W.2d at 643–44. Official immunity protects peace officers. *Wyse v. Department of Public Safety,* 733 S.W.2d 224, 227 (Tex.App.—Waco 1986, writ ref'd n.r.e.); *Dent v. City of Dallas,* 729 S.W.2d 114, 117 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Anderson v. Higdon,* 695 S.W.2d 320, 324 (Tex.App.—Waco 1985, writ ref'd n.r.e.).

Johnson County and Carpenter admitted that he was acting within the scope of his official authority. Furthermore, there was no evidence that Carpenter was acting otherwise or that he was acting in bad faith. The question is whether he was performing discretionary duties.

The Supreme Court has drawn this distinction between discretionary and ministerial functions:

Where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial.

*Rains v. Simpson,* 50 Tex. 495, 501 (1878) (quoting *Commissioner v. Smith,* 5 Tex. 471, 479 (1849)); *Miller v. State,* 53 S.W.2d 838, 840 (Tex.Civ.App.—Amarillo 1932, writ ref'd). This distinction will be applied here.

■ The Barners alleged that Carpenter negligently parked his car in a dangerous position, directed the driver of the Dodge to park in a similarly dangerous position, and failed to activate proper emergency warning devices on his car. Questions of Carpenter's negligence or the violation of law are immaterial when deciding whether he was performing discretionary functions. *See Campbell,* 264 S.W.2d at 427; *Torres v. Owens,* 380 S.W.2d 30, 34–36 (Tex.Civ. App.—Corpus Christi 1964, writ ref'd n.r. e.). Carpenter would be protected by official immunity regardless of the negligent

or mistaken exercise of his public duties. *See id.*

■ Operating the vehicle at 12:45 A.M. on I–35 without lighted taillights was a misdemeanor. *See* TEX.REV.CIV.STAT. ANN. art. 6701d, §§ 108(a), (a–1)(2), (3), 109(a), 111(a) (Vernon Supp.1990 and Vernon 1977). Neither the comprehensive traffic regulations in article 6701d nor any other law prescribed and defined Carpenter's duties under the circumstances with such precision and certainty as to leave nothing to his discretion or judgment. Whether to stop the Dodge on the paved shoulder of the highway or on the access road, how long the occupants of the vehicle should be detained, whether the occupants should be allowed out of the vehicle, where the vehicles should be positioned on the paved shoulder and in relation to each other, what warning lights or devices should be displayed during the stop and detainment—these were decisions within Carpenter's sole discretion and judgment as a matter of law. Yet, these discretionary decisions have exposed him to personal liability under the judgment.

Rodney Barner suffered severe disabling injuries and substantial damages from the collision. Nevertheless, the policy underlying the official-immunity doctrine requires that the public's interest be served. Holding Carpenter personally liable for the negligent discharge of discretionary public duties, while acting within the scope of his authority and in good faith, would likely cause other peace officers under similar circumstances to flinch from acting because of the fear of liability. *See Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Creating that potential does not serve the public's interest.

■ Carpenter was covered by official immunity as a matter of law and, thus, was not liable to the Barners for any negligent acts. *See Campbell,* 264 S.W.2d at 427. In the absence of Carpenter's liability, Johnson County was not liable under the Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1)(A), (B)

(Vernon 1986); *Wyse,* 733 S.W.2d at 228; *Dent,* 729 S.W.2d at 117.

■ Carpenter's first point is that the court should have granted his motion for a judgment notwithstanding the verdict because he was protected by official immunity as a matter of law. Johnson County claims in point six that it was entitled to a judgment notwithstanding the verdict because of Carpenter's immunity. The Barners question whether Carpenter waived official immunity by failing to affirmatively plead it as a defense. *See* TEX.R.CIV.P. 94; *Perry v. Texas A & I University,* 737 S.W.2d 106, 110 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Austin,* 711 S.W.2d at 66. They argue that his trial amendment, claiming "each and every immunity he [was] entitled to claim by virtue of his status as an employee and/or agent of Johnson County acting within the course and scope of his employment," was too vague and ambiguous to give them notice of what immunity Carpenter was claiming.

■ A pleading is sufficient if it gives fair notice to the opposing party. TEX.R. CIV.P. 45; *Kissman v. Bendix Home Systems,* 587 S.W.2d 675, 677 (Tex.1979). Where his personal liability was concerned, Carpenter could only claim official immunity. *See Baker,* 621 S.W.2d at 643. Although he did not plead it by name, his pleading was sufficient to plead official immunity as an affirmative defense because it gave the Barners fair notice that he was claiming "every immunity he was entitled to claim" as a public officer.

Carpenter and Johnson County filed a motion for a judgment notwithstanding the verdict based on their immunity as a matter of law. The liability findings were immaterial because of their immunity, and the court should have granted their motion. *See* TEX.R.CIV.P. 301. Carpenter's first point and Johnson County's sixth point are sustained.

■ Carpenter contends in point four that the evidence was factually insufficient to support a finding of negligence and proximate cause. He argues that expert opinion testimony was necessary to estab-

lish negligence and proximate cause and that Roy Hodgens, who testified for the Barners, was not competent to testify as an expert. Carpenter preserved this point in a motion for a new trial. Hodgens, a twenty-one-year veteran of the Dallas Police Department, was competent to testify as an expert. Without discussing the evidence in detail, his testimony was factually sufficient to support a negligence and proximate-cause finding. Carpenter's fourth point is overruled. The remaining points are not reached. The judgment against Carpenter and Johnson County is reversed, and a judgment rendered that the Barners take nothing. *See* TEX.R.APP.P. 81(c).