Payne v. Waco 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-130-CV

     BOB PAYNE, ET UX.,
                                                                                              Appellants
     v.

     CITY OF WACO, A MUNICIPAL
     CORPORATION, ET AL.,
                                                                                              Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 89-2208-3
                                                                                                    

O P I N I O N
                                                                                                    

      Bob and Sharon Payne appeal from a judgment based on a jury verdict involving the award
of a contract by the City of Waco to Linda Vicha for the care and training of park ranger horses. 
The Paynes instituted this lawsuit for declaratory relief to void a contract awarded to Vicha in
1989 for care of the horses. Both the City and Vicha filed counterclaims and asked for declaratory
relief and attorney's fees. The jury found that there was not a conspiracy between the City and
Vicha in the awarding of the contract; that the City employees involved in awarding the bids for
the contract acted in good faith; that the City did not fail to act in good faith in awarding the
contract to Vicha; and that the City would not have awarded the contract to the Paynes if Vicha
had not been awarded the contract. Based on these findings, the court entered judgment for the
City and Vicha and awarded attorney's fees to Vicha. We will affirm.
      In their first five points, the Paynes complain about the award of attorney's fees to Vicha. 
In their brief, the Paynes admit that Vicha's only right to recover attorney's fees would be under
the equitable powers of the court pursuant the Declaratory Judgment Act, which provides:
In any proceeding under this chapter, the court may award costs and reasonable and
necessary attorney's fees as are equitable and just.

Tex. Civ. Prac. & Rem. Code § 37.000 (Vernon 1986).

      Because the Payne's brought an action for declaratory relief, the above statute is controlling
concerning the award of attorney's fees, and other statutes


 concerning the award of attorney's fees
cited by the Paynes are not applicable. The issue of granting or denying attorney's fees lies within
the discretion of the trial court in a declaratory judgment action, and its judgment will not be
reversed absent a clear showing of abuse of discretion. Oake v. Collin County, 692 S.W. 454,
455 (Tex. 1985). Regardless of who is seeking affirmative relief under the declaratory judgment
statute, the trial court may award attorney's fees for any party who pleads for such fees. Ritchie
v. City of Fort Worth, 730 S.W.2d 448, 451 (Tex.App.—Fort Worth 1987, ref'd n.r.e.). Here,
Vicha was successful in defending against the Paynes' declaratory judgment action, and Vicha's
pleadings requested attorney's fees. We find the court did not abuse its discretion in awarding
attorney's fees to Vicha. We overrule points one through five.
      In point six, the Paynes complain that the court abused its discretion in failing to award
attorney's fees to them against the City of Waco. The Paynes' contend that the equities were on
their side because the City and Vicha had participated in a "cover up" and a "fraud." The jury
found, however, that there was no conspiracy between the City and Vicha concerning the contract
and that the City and its employees acted in good faith in the discharge of their discretionary duties
involving the bidding process and the awarding of the contract. In Barner v. Carpenter, Chief
Justice Thomas, writing for this court, held that a governmental unit is relieved of liability
whenever its involved personnel act in the good faith discharge of their discretionary duties within
the scope and course of their employment. See Barner v. Carpenter, 797 S.W.2d 99, 101-02
(Tex.App.—Waco, 1990, writ denied).
       The Paynes further contend that the contract should not have been awarded to Vicha because
her husband was employed by the City as a police officer when the contract was awarded. They
contend this was in violation of Article XI, section 11, of the City Charter of Waco which
provided that "contracts in which city employees are interested shall be rendered voidable." 
(Emphasis added). Even though the jury found that the City was aware that Mr. Vicha was a city
police officer when the contract was awarded to Mrs. Vicha, they also found that the City acted
in good faith in awarding the contract. Because of the finding of good faith on the part of the City
and the fact that the contract was only voidable, and not void, we find that the court did not abuse
its discretion in refusing the Paynes' request for attorney's fees. Point six is overruled.
      In points seven, eight, and nine, the Paynes complain that the court erred (1)in rendering
judgment for the City and Vicha; (2) in overruling their motion for a new trial; and (3) in denying
their Motion to Vacate, Modify or Correct the Final Judgment. The Paynes presented no point
of error that the jury findings against them were not supported by legally or factually sufficient
evidence. Instead, they use the points to further attack the award of attorney's fees to Vicha. 
Again, the jury essentially found that the City and its employees acted in good faith in regard to
the bidding and awarding of the contract and that the City and Vicha were not engaged in a
conspiracy concerning the awarding of the contract. We find, therefore, that the court did not
abuse its discretion in entering judgment for the City and Vicha, in not granting a new trial, and
in not vacating, modifying, or correcting its judgment. We overrule the last three points and
affirm the judgment.
 
                                                                                 Bobby L. Cummings
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 23, 1992
Do not publish



n-left: 0.3in; margin-right: 0.3in">Therefore, before you can find the defendant guilty of any offense charged herein,
to wit: murder, voluntary manslaughter, involuntary manslaughter, aggravated assault
or criminally negligent homicide, you must find from the evidence beyond a reasonable
doubt that the defendant engaged in the conduct charged voluntarily that is: the pointing
of the firearm at the decedent, together with the requisite mental state as defined for each
offense, as the firearm was discharged. Unless you so find from the evidence beyond a
reasonable doubt that the defendant engaged in the conduct with which he is charged,
together with the requisite mental state, you shall acquit the defendant and say by your
verdict "Not Guilty."
Estrada argues that this instruction improperly focuses the jury's attention on the act of pointing
the weapon at Ortega and misstates what constitutes the conduct charged.
      Murder is a "result of conduct" offense. Cook v. State, 884 S.W.2d 485, 490 (Tex. Crim.
App. 1994). Thus, neither engaging in conduct nor the intent to engage in conduct is an element
of the offense. Id. However, the Penal Code "superimposes" a voluntary conduct requirement
onto every offense. See Tex. Penal Code Ann. § 6.01(a); Alford v. State, 866 S.W.2d 619, 622
(Tex. Crim. App. 1993). The "voluntary conduct" requirement is met when there is a voluntary
act and an accompanying mental state; an involuntary act included in the chain of events does not
necessarily change the nature of the conduct from voluntary to involuntary. Joiner v. State, 727
S.W.2d 534, 536 (Tex. Crim. App. 1987); George v. State, 681 S.W.2d 43, 45 (Tex. Crim. App.
1984). 
      If the defendant contests the voluntariness of the act that led to the result and the issue of
voluntariness is raised by the evidence, the court should instruct the jury on the question. See
Garcia v. State, 605 S.W.2d 565, 566 (Tex. Crim. App. [Panel Op.] 1980); Vollbaum v. State,
833 S.W.2d 652, 656-57 (Tex. App.—Waco 1992, pet. ref'd). The instruction must include an
application of the law to the facts. Vollbaum, 833 S.W.2d at 657. 
      Estrada testified that he did not pull the pistol's trigger but that it discharged when the slide
cycled home. However, he testified that he retrieved the firearm from Stapp's truck, pulled it
from its holster, placed a full magazine into the handle, pointed the weapon at Ortega, and pulled
the slide back prior to the fatal shot. "[T]he intentional pointing of a weapon is a voluntary act
and the resulting death is imputable to [Estrada]." See Conroy v. State, 843 S.W.2d 67, 72 (Tex.
App.—Houston [1st Dist.] 1992, no pet.); also Joiner, 727 S.W.2d at 537. "[He] pulled the slide
back on his handgun and is, thus, responsible for the fatal results of his voluntary actions." See
Henderson v. State, 825 S.W.2d 746, 751 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd);
also George, 681 S.W.2d at 47. Therefore, the court's charge correctly focused on the pointing
of the weapon at the time of the discharge. Estrada voluntary engaged in the actions leading up
to the very moment the weapon discharged, whether the discharge was voluntary or involuntary,
and, if he had the requisite mental state at the time of the discharge, he can be held criminally
responsible for all of the results of his voluntary course of conduct. See id.
      Estrada contested the voluntariness of the shot that killed Ortega, and the court instructed the
jury on the issue. He complains that the charge instructs the jury "that if [he] pointed a firearm
at the decedent, he acted ‛voluntarily', and so could be found guilty." This is a correct statement
of the law, and the court's charge incorporated and correctly applied this law to the facts of this
case. Thus, the charge was not a comment on the evidence. See Russell v. State, 749 S.W.2d 77,
78 (Tex. Crim. App. 1988).
      Estrada also argues that the charge contains a "misstatement of the law" because it labels "the
pointing of the firearm" as the conduct charged. However, he misreads the charge; it instructs
the jury as to what constitutes "voluntary conduct" as applied to the facts of the case. Again, this
conduct—"the pointing of the firearm at the decedent . . . as the firearm was discharged"—is all
that is necessary to satisfy the "voluntary conduct" requirement of the Penal Code. See Tex.
Penal Code Ann. § 6.01(a); Joiner, 727 S.W.2d at 536; George, 681 S.W.2d at 47; Conroy, 843
S.W.2d at 72; Henderson, 825 S.W.2d at 751. Thus, the court did not "misstate" the law in its
charge. Point two is overruled.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 31, 1995
Do not publish