Elijio VASQUEZ & City of San Antonio

v.

Leonor HERNANDEZ, et al.

No. 04–91–00405–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 12, 1992.
Rehearing Denied Nov. 12, 1992.

Darrell Frank Smith, Darrell Frank Smith, P.C., Dawn L. Carmody, San Antonio, for appellants.

Mike Maloney, Jon A. Hyde, Maloney & Maloney, P.C., San Antonio, for appellees.

Before REEVES, C.J., and BUTTS and GARCIA, JJ.

## ON APPELLEE'S MOTION
## FOR REHEARING

BUTTS, Justice.

This opinion replaces the previous opinion, which is withdrawn. San Antonio police officer, Elijio Vasquez, individually, and the City of San Antonio appeal an interlocutory order denying their motion for summary judgment based on official immunity of the officer. The appellate court has jurisdiction to entertain an interlocutory appeal when the trial court denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. TEX.CIV.PRAC. & REM.CODE ANN.,

§ 51.014(5) (Vernon Supp.1992).[1] Therefore, because of the limited appellate jurisdiction of the interlocutory appeal, this opinion addresses only the qualified immunity defense and not the case on the merits. We reverse only the trial court's interlocutory order denying the officer's motion for summary judgment.

Appellees sued for damages because of the death of a family member during a family disturbance where the San Antonio Police Department responded to calls for help. On August 7, 1989, several telephone calls for help, including a "911" emergency call, were received by the San Antonio Police Department. Patrol officer Vasquez responded to the police dispatcher's information regarding a violent family disturbance. He arrived at the scene first, followed by fellow patrol officer Raymond Castillo. The summary judgment evidence shows that both Vasquez and Castillo understood from the police radio dispatch that the suspect creating the disturbance probably had a gun.

Upon arrival, Vasquez saw several people standing on a porch, and he saw the man considered to be the suspect about 30 feet away. The suspect began walking down the driveway toward Vasquez. Officer Vasquez saw a metal object in the man's hand. In his affidavit he states it appeared to be a gun in the advancing suspect's hand. Vasquez got behind the patrol car's trunk. He drew his gun. He instructed the suspect to stop and to "drop the gun" several times. The man kept walking toward him with the "weapon" in his hand, keeping it down and slightly behind him, until he was about eight to ten feet away. Officer Vasquez stated in his affidavit that he had been told the suspect probably had a gun, he saw an object which looked like a gun being carried down by the suspect's side, and the armed suspect refused to obey his order to stop and continued to come toward him. The suspect began to raise his arm, and the officer shot

---

1. This court has dismissed the mandamus action involving the right to appeal the interlocutory ruling on qualified immunity pursuant to

TEX CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1992).

him. It was discovered that the weapon was a screwdriver.

The only question before the trial court in the summary judgment proceedings was whether the officer was entitled to qualified immunity, which is a question of law. Qualified immunity is a recognized defense to actions against law enforcement officers and their government employers. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1992).

■ A police officer is entitled to qualified immunity if he is acting in good faith within the course and scope of his authority, and performing discretionary functions. *Bozeman v. Trevino*, 804 S.W.2d 341, 343 (Tex.App.—San Antonio 1991, no writ). Vasquez must establish these elements by summary judgment evidence.

■ The burden of demonstrating lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against the movant. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). A defendant may move for summary judgment based on an affirmative defense. It is the defendant's burden to prove conclusively all elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). The movant defendant must come forward with summary judgment evidence with respect to each element of the affirmative defense. *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex.1974). When a defendant moves for summary judgment on the basis of his affirmative defense, he must, therefore, conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

■ In *City of Houston v. Clear Creek Basin Authority*, the supreme court recognized that section (c) of 166a requires the non-movant to define specifically in writing the controverted issues and defects in the movant's proof that would defeat the motion. 589 S.W.2d at 677. Therefore, if the movant in the present case established the qualified immunity defense, the non-

movants were required to controvert this by summary judgment evidence. Once the movant has established the right to a summary judgment on the issues presented, the non-movant's response should present to the trial court a genuine issue of material fact that would preclude summary judgment. *Wheeler v. Aldama–Luebbert*, 707 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1986, no writ). However, the non-movants may not urge on appeal a defense to the qualified immunity defense which was not expressly presented in writing to the trial court.

■ Discretionary actions are those which require personal deliberation, decision, and judgment, while ministerial actions require obedience to orders or performance of a duty as to which the actor is left no choice. *Wyse v. Department of Public Safety*, 733 S.W.2d 224, 227 (Tex. App.—Waco 1986, writ ref'd n.r.e.); *Esparza v. Diaz*, 802 S.W.2d 772, 779 (Tex.App.—Houston [14th Dist.] 1990, no writ).

■ Appellees contend in the written response that since the officer was not making policy he was not acting in a discretionary capacity and cannot be immune. This argument is misplaced as a response to the motion for summary judgment based on qualified immunity of the police officer. In addition, questions of the officer's individual negligence, raised by appellees, are immaterial when deciding whether the officer was performing discretionary functions. *Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied). Therefore, immunity of the officer may exist even when he has acted negligently.

### The Summary Judgment Evidence

■ Ronald H. Rogers, authenticated by summary judgment proof as a law enforcement expert in Texas, stated his opinion based on his study of the police reports, internal affairs department reports, other case documents, and after conferring with Vasquez regarding the events. His opinion was that Vasquez acted within the acceptable, reasonable and lawful parameters of proper police training and conduct. Further, he stated that Vasquez'

acts were necessary, justified, and discretionary, and he acted in good faith. In addition, Rogers stated there is no evidence suggesting that Vasquez acted in bad faith. Further, he stated the officer's defensive actions were within the accepted range of reasonable and standard police conduct and training in Texas and the United States. This expert's opinion on the elements of qualified immunity was not controverted.

The evidence established conclusively that Vasquez was acting within the scope of his authority to be present and take police action after responding to the police dispatcher's call for emergency police intervention. Appellees did not controvert the summary judgment evidence that the officer acted in good faith within the scope of his authority.

The facts in the summary judgment evidence describe the officer's actions at the scene. He positioned himself on the other side of his patrol car with his gun drawn; this was the method Vasquez chose to attempt to stop the suspect from continuing to advance on him with a weapon. He perceived the weapon to be the gun he had been told the suspect probably carried. He then used deadly force when he saw the suspect begin to raise the weapon. These were actions which required the officer's personal deliberation, decision, and judgment. The acts were done in the exercise of the officer's discretion and judgment as a matter of law. *See Carpenter v. Barner*, 797 S.W.2d at 102.

The policy underlying the official immunity doctrine requires that the public's interest be served. *Carpenter v. Barner*,

797 S.W.2d at 102. Government officers have a common law immunity from personal liability while performing discretionary duties in good faith within the scope of their authority. *See Campbell v. Jones*, 153 Tex. 101, 264 S.W.2d 425, 427 (1954); *Wyse v. Department of Public Safety*, 733 S.W.2d at 227.

Raised and proved by the summary judgment evidence of appellants in conjunction with the elements of qualified immunity was that the officer was justified under the circumstances in this case in using deadly force. *See* TEX.PENAL CODE ANN. § 9.51(a), (c) (Vernon 1974). This further strengthened the summary judgment proof of the elements of the affirmative defense of qualified immunity.[2]

When the suspect refused to stop and to "drop the gun" as ordered and continued to advance upon the officer, under the authority of section 9.51 of the penal code, the action taken by the officer was in good faith in his discretionary capacity within the scope of his authority.[3] Therefore, the summary judgment evidence established conclusively that Vasquez was acting in good faith while performing discretionary acts within the scope of his authority.

The summary judgment response of appellees wholly fails to meet and controvert the proof of qualified immunity of the police officer. It does discuss provisions of the Texas Tort Claims Act and negligence of Vasquez. Once the affirmative defense of qualified immunity is conclusively established, the non-movant is required to respond with competent controverting sum-

2. Appellants allege in their postsubmission brief, which this court permitted to be filed, that the appellees conceded in oral argument that officer Vasquez was acting in good faith. This is not contested by appellees.

3. From Vasquez's affidavit:
I then observed a male subject standing in the driveway. At this point, I recalled that the dispatcher had mentioned the possibility of a gun involved in the disturbance. I saw what appeared to be a barrel of a gun in the subject's right hand as he began to walk towards me.
The subject's facial expressions were those of an angry man. I stepped out of the car and took cover behind the left side of the trunk of

the patrol vehicle. I pulled out my revolver and ordered him to stop. The subject.... kept coming and did not drop the object he held in his right hand behind his right leg. I then told him to drop the gun several times. He refused to comply and continued in my direction. At this point, I was becoming more apprehensive that, and thought that the man was going to shoot me. At approximately eight to ten feet, the subject began to raise his right arm and I discharged my revolver once, striking the subject in the chest. I remember thinking "I hope you miss me", because I apprehended his sudden movement as preparatory to shooting a handgun at me.

mary judgment evidence. Nowhere in appellees' response is it specifically set out, as required by Tex.R.Civ.P. 166a(c) to controvert appellants' summary judgment allegations and evidence of good faith, how Vasquez did not act "in good faith."

Even if controverting proof of lack of good faith (not claimed by appellees) and non-discretionary acts is searched for, particularly in Officer Castillo's deposition, it is not found there. What Officer Castillo saw or thought or does not remember seeing is not the standard. But, even if Officer Castillo's testimony by deposition is considered, it is not controverting as to the discretionary acts of Vasquez. He stated that he did not know whether the suspect acted like he was going to shoot officer Vasquez. He did not remember whether the suspect made quick movements or verbal threats. He did remember Vasquez telling the suspect to drop the weapon. Castillo had a brief glimpse of what he thought was a weapon. Castillo said he was not in a position to see whether a threatening gesture by the suspect was made. He said he would have been in a position to see if the weapon were raised "outward". He did not remember whether Vasquez "warned" the suspect. But he did not testify that city police policy prohibited the actions of Vasquez, nor was any proof presented through Castillo why Vasquez's actions did not meet the "discretionary" standard.

Moreover, a former Miami police chief's stated opinion that the shooting could have been "avoided" does not address or refute the established elements of qualified immunity. The non-movants presented no summary judgment evidence to controvert appellants' proof of qualified immunity in order to raise a material fact issue to defeat the affirmative defense and preclude summary judgment.

The City of San Antonio prays not only that we find the officer is entitled to qualified immunity from suit and liability in his individual capacity but also that we find the City is derivatively immune and reverse and render a final judgment in its favor on the merits. We decline since the statutory authority bestowed upon the appellate court in this interlocutory appeal limits our jurisdiction to determination of the existence of qualified immunity of the officer and no more. We have no jurisdiction to decide the case on the merits whether or not the issues on remand may be apparent or the result foreseen. Whether these facts present a case of waiver of governmental immunity within the meaning of the Tort Claims Act, § 101.021(2), is not the question before this court as it would be were this an appeal on the merits. *See e.g., City of Denton v. Van Page,* 701 S.W.2d 831 (Tex.1986). As to disposition of an appeal from a take nothing summary judgment (not limited just to the issue of the officer's immunity), *see e.g., Wyse v. Department of Public Safety,* 733 S.W.2d 224 (Tex.App.—Waco 1986, writ ref'd n.r.e.).

Appellees' motion for rehearing is overruled. The denial of the motion for summary judgment as to Officer Vasquez is reversed and judgment is rendered that the officer is entitled to qualified immunity as a matter of law. The cause is remanded to the trial court for proceedings consistent with this opinion.