**Frank CASAS, Appellant,**

v.

**Diane F. GILLIAM, Appellee.**

No. 04–93–00372–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 26, 1994.

Rehearing Denied Jan. 26, 1994.

Charles S. Frigerio, Hector X. Saenz, Asst. City Attys., Trial Section, San Antonio, for appellant.

Demetrio Duarte, Demetrio Duarte, Jr. & Associates, San Antonio, Heriberto Medrano, Harlingen, for appellee.

Before BUTTS, PEEPLES and BIERY, JJ.

OPINION

PEEPLES, Justice.

## ON APPELLEE'S MOTION FOR REHEARING

Frank Casas appeals an interlocutory order denying his motion for summary judgment based on his claim of qualified immunity as an employee for the City of San Antonio. We reverse and render judgment sustaining the defense of immunity.

On December 15, 1989, Casas, an Emergency Medical Technician–Paramedic (EMT–P), responded to an emergency call to transport Joris R. Gilliam, the victim of a gunshot wound. The nearest trauma center available to treat Gilliam was the Brooke Army Medical Center, located 7.7 miles away. The next closest trauma center, the Bexar County Medical Center, was 12.1 miles from the scene. The summary judgment proof—deposition testimony of Casas and his colleague Aubrey Sanders—showed that Casas was informed via radio dispatch that Brooke Army Medical Center had two prior code 3 emergencies. Casas concluded that the facility was unable to handle another trauma victim at that time. Under these circumstances, Casas chose to transport Gilliam to the next closest trauma center, the Bexar County Medical Center. Gilliam ultimately died from the gunshot wound and his mother, Diane F. Gilliam, brought this wrongful death action. Plaintiff claims that Casas was negligent in choosing the trauma center and his negligence contributed to her son's death. Casas contends that qualified governmental immunity shields him from suit.

The trial court granted defendant Sanders' motion for summary judgment but denied Casas' motion because he made the decision to transport Gilliam to the more distant trauma center. Appealing the trial court's order pursuant to section 51.014(5) of the Texas Civil Practice and Remedies Code,[1] Casas asserts that at all times he acted within his

---

1. Section 51.014(5) permits appeal of an order denying summary judgment to the extent the appellant asserts official immunity as an affirmative defense. The statute provides: "A person may appeal from an interlocutory order of the district court, county court at law, or county court that ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1994).

discretionary authority as an EMT–P for the City of San Antonio and made a good faith decision to transport Gilliam to the nearest available trauma center on the date of the incident in question. Accordingly, Casas contends that he is entitled to immunity in his individual capacity.

A party moving for summary judgment must prove that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). In determining whether there is a disputed material fact issue, we must take as true the evidence favorable to the nonmovant and resolve any doubts in his favor. *Nixon,* 690 S.W.2d at 548–49. When, as in the present case, the movant is the defendant and bases his motion on an affirmative defense, he must prove each element of the defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). Until the movant conclusively establishes the affirmative defense, the nonmovant has no burden to raise a fact issue. Once the affirmative defense is established, the burden shifts to the nonmovant, who must present summary judgment proof raising an issue of fact as to the affirmative defense. *Torres v. Western Casualty & Sur. Co.,* 457 S.W.2d 50, 52 (Tex. 1970).

Under these principles, Casas carried the burden of proving his affirmative defense of qualified immunity. This required conclusive proof that he took his actions (1) in good faith, (2) within the course and scope of his authority, (3) while he was performing a discretionary function. *See Campbell v. Jones,* 153 Tex. 101, 264 S.W.2d 425, 427 (1954); *Vasquez v. Hernandez,* 844 S.W.2d 802, 805 (Tex.App.—San Antonio 1992, writ dism'd w.o.j.); *Eakle v. Texas Dept. of Human Servs.,* 815 S.W.2d 869, 875 (Tex.App.—Austin 1991, writ denied). Plaintiff concedes that Casas was acting within the course and scope of his employment. However, she argues that he did not prove the two remaining elements of the affirmative defense as a matter of law.

Concerning the element of good faith, the summary judgment evidence shows that, based on the radio dispatch,. Casas believed Brooke Army Medical Center was effectively "closed," occupied with other emergencies. Accordingly, Casas contends that because of his reliance on the radio communication, the decision to transport the decedent to Bexar County Medical Center was made in good faith.

To support his claim, Casas presented his own deposition testimony and that of his colleague Aubrey Sanders. Plaintiff sought to controvert this evidence of good faith with an affidavit stating that the Brooke Army Medical Center was not closed. The affidavit contained inadmissible hearsay, but because Casas failed to object, plaintiff's statement will not be denied probative value. TEX. R.CIV.EVID. 802; *Irlbeck v. John Deere Co.,* 714 S.W.2d 54, 57 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.); *K–Mart Apparel Fashions Corp. v. Ramsey,* 695 S.W.2d 243, 247 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

Plaintiff's affidavit does serve to controvert the evidence that Brooke Army Medical Center was effectively closed. Nonetheless, the affidavit fails to controvert Casas' evidence of good faith. The issue we must address is not whether Brooke Army Medical Center was closed but whether Casas made his decision to drive to the more distant trauma center based upon a good faith inquiry as to which facility could best treat Gilliam. *See Eakle,* 815 S.W.2d at 876; *Vasquez,* 844 S.W.2d at 805; *Austin v. Hale,* 711 S.W.2d 64, 67 (Tex.App.—Waco 1986, no writ). The summary judgment evidence shows that, based on his fifteen years of experience, Casas relied on the information received over the radio and made a determination that Bexar County Medical Center was, in his words, the "closest appropriate hospital." The evidence is free of inconsistencies and contradictions and presents clear, credible evidence that, as a matter of law, Casas made a good faith decision regarding the transport of the decedent. Plaintiff's affidavit does not controvert this evidence. Accordingly, Casas has proved the good faith element of his motion for summary judgment

as a matter of law. TEX.R.CIV.P. 166a(c); *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143, 143 (Tex.1980).

▇ Regarding the discretionary nature of Casas' decision to transport the decedent to a more distant trauma center, the actions of an EMT–P are governed by Chapter 773 of the Health and Safety Code. Specifically, the code provides:

> A hospital that owns, operates, or is an emergency medical services provider and that is transporting a person who is unable to communicate because of an injury, accident, or illness or is unconscious and who is suffering from what reasonably appears to be a life-threatening injury or illness shall transport the person to the hospital that is nearest the location at which the person is picked up and *that can provide appropriate emergency care.*

TEX.HEALTH & SAFETY CODE ANN. § 773.010 (Vernon 1992) (emphasis added).[2]

▇ Plaintiff argues that the Health and Safety Code designates a standard from which Casas could not vary. This argument ignores the fact that Casas was not simply required to take the decedent to the nearest trauma facility. Rather, he had to decide what was the closest facility that could provide "appropriate emergency care." Because "[d]iscretionary actions are those which require personal deliberation, decision, and judgment, while ministerial actions require obedience to orders or performance of a duty as to which the actor is left no choice," Casas' actions were inherently discretionary. *Vasquez,* 844 S.W.2d at 804. Indeed, if a jury could secondguess discretionary decisions such as the one Casas made, he might have been held liable for any resulting delay in treatment if he had transported Gilliam to the closer but more crowded trauma center. Because discretionary decisions can always be criticized with the benefit of hindsight, such a holding would negate the very purpose of granting qualified immunity—encouraging public officers to carry out their discretionary duties without fear of personal liability. *Carpenter v. Barner,* 797 S.W.2d 99, 101

(Tex.App.—Waco 1990, writ denied). Without this immunity, "the prudent would be reluctant to enter governmental service and even competent persons who entered public life would not be zealous in discharging their duties." *Baker v. Story,* 621 S.W.2d 639, 643–44 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.).

Casas proved each element of his affirmative defense of qualified immunity as a matter of law. Plaintiff's summary judgment proof does not raise a fact issue on any of these elements. Accordingly, we reverse the trial court's order denying summary judgment and render judgment sustaining Casas' defense of qualified immunity.

---

**2.** The City of San Antonio, representing Casas in this appeal, argues that § 773.010 applies only to a "hospital" as provided in the statute and not to city personnel. In view of our disposition of this appeal, we need not address this issue.