The CITY OF IRVING, Johnston O. Henderson, R.N., and Paul Randall Jones, Appellants

v.

We Kun PAK, Appellee.

No. 05–93–01649–CV.

Court of Appeals of Texas, Dallas.

Aug. 12, 1994.

---

David M. Pruessner and Paul K. Pearce, Fletcher & Springer, L.L.P., Dallas, for appellants.

David Rodriguez Weiner and John K. Horany, Law Office of Windle Turley, P.C., Dallas, for appellee.

Before LAGARDE, BARBER and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

The City of Irving (City), Johnston O. Henderson, and Paul Randall Jones urge this interlocutory appeal of the trial court's order denying their motion for summary judgment. The City moved for summary judgment based on governmental immunity. Henderson and Jones moved for summary judgment based on official immunity. We affirm the trial court's denial of Henderson's and Jones's motion for summary judgment and dismiss the City's appeal for want of jurisdiction.

## BACKGROUND

Two City paramedics, Henderson and Jones, responded to a 911 call from a person requesting that an ambulance be sent to We Kun Pak's room at an Irving hotel. Pak complained of stomach pain. The paramedics examined Pak and decided not to transport him to the hospital. Jones asserted that he asked Pak if he wanted to go to the hospital and that Pak said, "No." Pak claims that he could not understand English.

The paramedics do not have an established procedure for dealing with patients who do not speak English. They are taught several methods of insuring adequate communication. The paramedics are taught to communicate in any manner they decide will effectively communicate with the person.

Michael Evitts, assistant fire chief for the City, stated that he is familiar with the statutes and ordinances applicable to City paramedics. He stated that there were no statutes or ordinances that compelled paramedics to transport persons to hospitals. Jones is a paramedic/fire-equipment operator, and Henderson is a registered nurse serving as a paramedic.

In his fifth-amended original petition, Pak alleged that Henderson and Jones were negligent "in failing to properly carry out [their] medical responsibilities to [Pak] in accordance with accepted standards of medical practice, thereby causing injuries to [Pak]." Pak alleged twenty acts of negligence including: (1) failing to provide proper medical advice; (2) suggesting that Pak take Alka–Seltzer; (3) failing to transport him to the hospital; (4) failing to detect or seek treatment of the drug addiction of Jones, a paramedic; (5) failing to determine Pak's ability to communicate; (6) failing to assume that Pak was suffering the most life-threatening condition; (7) failing to seek advice from a medical physician to determine the potential seriousness of Pak's condition; (8) exceeding the level and scope of their training by making an independent medical judgment; and (9) failing to use a stethoscope to assess Pak's bowel sounds.

In the motion for summary judgment, Henderson and Jones alleged that they were protected from suit and liability by official immunity. In the same motion, the City argued that it was entitled to judgment based on governmental immunity because the incident was not the result of the operation of a motor-driven vehicle or a condition or use of tangible or real property. The motion for summary judgment addressed Pak's allegations that the paramedics were negligent in failing to transport and failing to determine Pak's ability to communicate. It did not address Pak's other allegations of negligence.

## INTERLOCUTORY APPEAL

An appeal ordinarily may be taken only from a final judgment. *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Generally, denial of a motion for summary judgment is not a final judgment and therefore is not appealable. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). Under section 51.014(5) of the Texas Civil Practice and Remedies Code, however, a person may appeal an interlocutory order denying a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1994). A claim of governmental immunity may be based on an individual's assertion of official immunity and therefore fall within the ambit of section 51.014(5). *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex.1993) (per curiam).

We conclude that Henderson and Jones are entitled to appeal the denial of their summary-judgment motion under section 51.014(5) but that the City may not appeal the denial of its motion. The City based its motion for summary judgment on section 101.021 of the civil practice and remedies code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986) (waiving governmental immunity, in part, for certain injuries arising from operation or use of motor-driven vehicle or motor-driven equipment or for condition or use of tangible personal or real property). The City's motion for summary judgment did not contend that the City was entitled to governmental immunity on

the ground that the paramedics were entitled to official immunity.

Because the City's claim of governmental immunity was not based on the ground that the paramedics were entitled to official immunity, the City is not entitled to an interlocutory appeal of the trial court's denial of the motion for summary judgment. *See Kilburn,* 849 S.W.2d at 812. Accordingly, we dismiss the City's appeal. *See City of Houston v. Kilburn,* 838 S.W.2d 344, 345 (Tex.App.— Houston [14th Dist.] 1992) (per curiam), *writ denied per curiam,* 849 S.W.2d 810 (Tex. 1993).

### STANDARD OF REVIEW

■ In reviewing a summary-judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex.1990); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). For the defendant, as movant, to prevail on summary judgment, it must either disprove at least one element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *International Union UAW Local 119 v. Johnson Controls, Inc.,* 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). An issue is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). When a party seeks summary judgment on an affirmative defense, it must prove conclusively all elements of the

affirmative defense. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

### OFFICIAL IMMUNITY

■ Official immunity protects public employees from liability if: (1) their position has quasi-judicial status; (2) they were acting in good faith; and (3) they were acting within their authority as a quasi-judicial employee. *See Campbell v. Jones,* 153 Tex. 101, 105, 264 S.W.2d 425, 427 (1954); *Armendarez v. Tarrant County Hosp. Dist.,* 781 S.W.2d 301, 305 (Tex.App.—Fort Worth 1989, writ denied). The official-immunity doctrine is based on the public policy consideration that government officials, when acting in the circumstances described above, should be free to conduct the administrative affairs of government effectively and vigorously, without the fear of personal liability or threat of damage suits. *Carpenter v. Barner,* 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied); *Armendarez,* 781 S.W.2d at 305.

■ Government employees are not entitled to official immunity if their acts are "ministerial" acts that involve mere obedience of orders or performance of duties requiring nongovernmental choices, as opposed to "discretionary" acts requiring personal deliberation, decision, and judgment involving the government. *Hatley v. Kassen,* 859 S.W.2d 367, 374 (Tex.App.—Dallas 1992, writ granted). Quasi-judicial acts are those that involve the exercise of discretion. *Baker v. Story,* 621 S.W.2d 639, 645 (Tex.Civ.App.— San Antonio 1981, writ ref'd n.r.e.).

■ When the acts complained of are performed by medical personnel employed by the government, courts analyze the quasi-judicial nature of the duties involved on the basis of whether those duties are uniquely different from those of individuals involved in the same duties in the private sector or whether a function unique to government is being exercised. *Tyrrell v. Mays,* 885 S.W.2d 495, 497–98 (Tex.App.—El Paso July 14, 1994, n.w.h.) (government nurses not entitled to summary judgment on grounds of official immunity because of failure to show duties unique to government or different from nurses in private sector); *Jackson v. Stinnett,* 881 S.W.2d 498, 501 (Tex.App.—El

Paso 1994, n.w.h.) (government dentist not entitled to summary judgment on grounds of official immunity because of failure to show duties unique to government or different from dentists in private sector); *Washington v. City of Houston,* 874 S.W.2d 791, 796 (Tex.App.—Texarkana 1994, no writ) (government physician not entitled to summary judgment on grounds of official immunity because of failure to show duties unique to government or different from physicians in private sector); *Wheeler v. Yettie Kersting Memorial Hosp.,* 866 S.W.2d 32, 48 (Tex. App.—Houston [1st Dist.] 1993, no writ) (government nurses not entitled to summary judgment on grounds of official immunity because of failure to show duties unique to government or different from nurses in private sector); *Hatley,* 859 S.W.2d at 374 (government psychiatrist not entitled to summary judgment on grounds of official immunity because of failure to show duties unique to government or different from psychiatrists in private sector); *Armendarez,* 781 S.W.2d at 306 (government physician not entitled to summary judgment on grounds of official immunity because of failure to show duties unique to government or different from private sector).

■ Henderson and Jones cite *Casas v. Gilliam,* 869 S.W.2d 671 (Tex.App.—San Antonio 1994, no writ) (op. on reh'g), for the proposition they did not have the burden on summary judgment to present evidence regarding their duties in relation to the duties of paramedics in the private sector or whether their duties are uniquely governmental in nature. In *Casas,* the paramedics received information from a radio dispatch that the nearest trauma center had two prior emergencies. *Casas,* 869 S.W.2d at 672. The paramedics concluded that the facility was unable to handle another emergency. The plaintiff argued that the paramedics were required under statute to transport the patient to the nearest hospital that could provide appropriate emergency care and that the paramedics did not act in good faith because the nearest hospital was open. *Casas,* 869 S.W.2d at 673–74. The court addressed only these two issues. The court did not discuss whether the paramedics were making medical decisions, performing a uniquely governmental function, or performing duties uniquely different from a paramedic engaged in a similar practice in the private sector.

■ In his fifth-amended petition, Pak alleged that Henderson and Jones were negligent in failing to properly carry out their medical responsibilities to Pak in accordance with accepted standards of medical practice. Treatment of a patient is not a quasi-judicial function that entitles a government official to assert the defense of official immunity if it involves the exercise of medical judgment rather than governmental judgment. *See Hatley,* 859 S.W.2d at 374. If Henderson and Jones were making medical decisions within the scope of their responsibilities as City paramedics, as alleged by Pak, they are entitled to assert the affirmative defense of official immunity only if they had duties uniquely different from paramedics engaged in similar practice in the private sector or exercised a function unique to government. *See Hatley,* 859 S.W.2d at 374.

No summary-judgment proof shows that the duties of Henderson and Jones did not involve the making of medical decisions or that their duties were uniquely governmental or different from those of paramedics in private practice. Because the summary-judgment evidence fails to establish as a matter of law that the paramedics occupied a position of quasi-judicial status, point of error one is overruled. We affirm the trial court's order.