Dennis GROSS and Sam Moore, Petitioners,

v.

Priscilla INNES, individually and as representative of the Estate of George James Innes, Jr., deceased, and as next friend of Laura Ann Innes and Katlin Amber Innes, minors, and Ruth Innes, Respondents.

No. 96–1095.

Supreme Court of Texas.

Argued Oct. 9, 1997.

Decided July 14, 1998.

---

Joe C. Tooley, Dallas, for Petitioners.

Stephen Jay Gugenheim, James E. Girards, Dallas, for Respondents.

PER CURIAM.

This is an appeal from an interlocutory order denying a motion for summary judgment based on a claim of official immunity. At issue is whether paramedics are entitled to official immunity if the character of the discretion they exercise is medical. However, we cannot reach the issue because this Court does not have jurisdiction to consider this interlocutory appeal.

Dennis Gross and Sam Moore are firefighters for the Farmers Branch Fire Department. Their duties include service as paramedics-emergency medical technicians (EMTs). On September 11, 1994, they responded to a call from the Innes household for emergency services because George Innes was suffering from an asthma attack. Gross and Moore administered oxygen and loaded Innes onto a stretcher for transport by ambulance. As Innes was being carried into the ambulance, his jaws clenched shut and the paramedics were not able to intubate him. Innes suffered a heart attack on the way to the hospital, and the paramedics administered cardiopulmonary resuscitation. Innes died thirteen days later of causes related to his asthma and subsequent heart attack.

The Innes family sued Gross and Moore in a wrongful death action, alleging that the paramedics were negligent in caring for George Innes on the way to the hospital. In particular, they claimed that Gross and Moore failed to promptly perform several

medical procedures and failed to immediately transport Innes to the emergency room.

Gross and Moore moved for summary judgment, claiming official immunity. After the trial court denied the motion, Gross and Moore filed an interlocutory appeal. The court of appeals affirmed the trial court's denial of summary judgment, holding that Gross and Moore failed to show that they acted with governmental, as opposed to medical, discretion. *Gross v. Innes*, 930 S.W.2d 237, 242 (Tex.App.–Dallas.1996). Gross and Moore then filed an application for writ of error with this Court.

Interlocutory orders, like the order denying summary judgment in this case, typically are not immediately appealable. But section 51.014(a) of the Civil Practice and Remedies Code allows for interlocutory appeals in certain cases. TEX. CIV. PRAC. & REM.CODE § 51.014(a). Specifically, section 51.014(a)(5) provides for interlocutory appeal from an order that denies a motion for summary judgment that is based on an assertion of immunity by a governmental actor. *Id.* at § 51.014(a)(5). Gross and Moore properly appealed the denial of summary judgment to the court of appeals under this provision.

But, section 22.225(b)(3) of the Government Code makes an interlocutory appeal under section 51.014(a)(5) final in the court of appeals. TEX. GOV'T CODE § 22.225(b)(3). The only exception is found in section 22.225(c) of the Government Code. That section affords this Court jurisdiction over any appealable interlocutory order, including denials of summary judgment motions based on immunity claims, when "the justices of the court[ ] of appeals disagree on a question of law material to the decision or [when] the court[ ] of appeals holds differently from a prior decision of another court of appeals or of the supreme court." TEX. GOV'T CODE § 22.225(c). Thus, we can exercise jurisdiction over an appeal from a interlocutory order under section 51.014(a)(5) only when there is a dissent or a conflict.

■ In this case, there was no dissent to the court of appeals' opinion. Gross and Moore contend, however, that this Court has jurisdiction because the court of appeals' opinion conflicts with this Court's decision in

*Kassen v. Hatley*, 887 S.W.2d 4 (Tex.1994), and the San Antonio court of appeals' decision in *Casas v. Gilliam*, 869 S.W.2d 671 (Tex.App.—San Antonio 1994, no writ).

■ Our conflict standard is well-established. "For this Court to have jurisdiction on the ground of conflict it must appear that the rulings in the two cases are so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other." *Gonzalez v. Avalos*, 907 S.W.2d 443, 444 (Tex.1995) (quoting *Christy v. Williams*, 156 Tex. 555, 298 S.W.2d 565, 567 (1957) (internal quotations omitted)). As we explained in *Coastal Corp. v. Garza*, 979 S.W.2d 318 (Tex.1998), this standard "does not require factual identity for two cases to conflict." *Id.* at 319.

> [C]ases do not conflict if a material factual difference legitimately distinguishes their holdings. On the other hand, immaterial factual variations do not preclude a finding of jurisdictional conflict. A conflict could arise on very different underlying facts if those facts are not important to the legal principle being announced.

*Id.* at 324. We thus examine *Kassen* and *Casas* to determine whether there are any material factual differences distinguishing the holdings in those cases from this one.

In *Kassen*, this Court held that "government-employed medical personnel are not immune from tort liability if the character of the discretion they exercise is medical and not governmental." *Kassen*, 887 S.W.2d at 11. In this case, the court of appeals held Gross and Moore, as paramedics, were government-employed medical personnel and affirmed the denial of their summary judgment motion because they did not establish that only governmental factors—as opposed to medical discretion—colored their treatment of Innes. 930 S.W.2d at 242. Gross and Moore argue that the court of appeals improperly extended the *Kassen* governmental/medical analysis to paramedics, thus creating a "conflict" between this case and *Kassen*.

We disagree that the decisions conflict. *Kassen* concerned a doctor and nurse refusing to admit a mental patient to a public

hospital; this case deals with paramedics treating and transporting an individual having an asthma seizure to the hospital. The type of medical treatment provided and the medical judgment required in the two cases is distinguishable on the facts. The court of appeals' decision in this case does not conflict with *Kassen* such that we have jurisdiction.

Gross and Moore alternatively contend that the court of appeals' holding in their case, which applied the medical/governmental discretion element, is in conflict with *Casas,* which did not apply the medical/governmental test to an official immunity claim asserted by a paramedic-EMT. In *Casas,* the paramedic decided to transport the injured party to the second-closest hospital, about five miles further than the closest one, because the paramedic believed that the closer hospital's trauma room was closed to additional emergencies. 869 S.W.2d at 672. The paramedic in *Casas* was complying with a state statute that required paramedics to take the injured party to the closest facility that could provide "appropriate emergency care." *Id.* at 674 (quoting TEX. HEALTH & SAFETY CODE § 773.010). In contrast, here the decedent's relatives allege that the paramedics negligently failed to promptly contact medical control, administer medication, and transport the decedent to the hospital. The facts of this case and *Casas* are materially distinguishable and they do not conflict.

We do not have jurisdiction over this interlocutory appeal. Accordingly, we withdraw our order granting the application for writ of error as improvidently granted, and dismiss the application for want of jurisdiction.