Gary McCLURE and State of Texas–Texas Department of Transportation, Appellants,

v.

Etta Marie REED, Frederick Gunter, Lamona Gunter and Estevan Carvajal, Appellees.

No. 12–98–00217–CV.

Court of Appeals of Texas, Tyler.

June 30, 1999.

L. Alan Grundy, Austin, for appellant.

Kerry L. Russell, Tyler, J. Patrick Spruiell, Canton, Sean W. Hester, Tyler, for appellees.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

## OPINION ON MOTION FOR REHEARING

JIM WORTHEN, Justice.

Appellants Texas Department of Transportation ("the State") and Gary McClure, an employee of the State ("McClure"), filed a motion for rehearing in this matter. The court grants Appellant's motion, and this court's previous opinion of March 31, 1999, is withdrawn, and the following opinion issued.

The State and McClure urged this interlocutory appeal of the trial court's order denying their joint motion for summary judgment. McClure moved for summary judgment based on official immunity and the State moved for summary judgment based on governmental immunity. We will affirm the trial court's denial of McClure's and the State's motion for summary judgment.

On September 6, 1994, a five-man paint striping crew was painting the crosswalks at the intersection of Front and Lyons Street in Tyler, Texas. While three members painted stripes on Lyons before it intersected with the north side of Front, two members of the crew served as flagmen for traffic on Lyons approaching the Front Street intersection from the north. One flagman, Mark Pike ("Pike"), stood on Lyons Street approximately 120 to 150 feet from the intersection, controlling traffic. The second flagman, Gary McClure, stood on Lyons Street in proximity to the Front Street intersection.

Estevan Carvajal ("Carvajal"), driving a taxicab owned by the Taxicab Company of Tyler, approached the intersection from the north. Pike flagged Carvajal to stop his taxicab, which he did. McClure, standing next to the intersection of Lyons and Front, then motioned Carvajal forward.

McClure, in his summary judgment affidavit, stated that he had intended to stop Carvajal before he entered the intersection because a traffic signal for Lyons showed red. McClure testified that as Carvajal approached, he turned to look in two different directions for any oncoming traffic. When he turned back around, Carvajal had driven his taxicab past him and was continuing into the intersection of Lyons and Front Street. When Carvajal entered the intersection, his taxicab was broadsided by an automobile driven westbound on Front Street by Frederick Gunter ("Gunter"). Upon impact, both vehicles careened across the intersection and hit a van driven by Etta Reed ("Reed") which was heading eastbound on Front Street.

Carvajal sued the State for negligence under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM.CODE § 101.021 (Vernon 1997). Reed, Gunter, and Gunter's wife, sued the State, McClure, the Taxicab Company of Tyler, and Carvajal for negligence. After the two lawsuits were consolidated, McClure and the State filed a joint motion for summary judgment against Carvajal, Reed, and the Gunters. McClure alleged that he was protected from suit and liability by official immunity. In the same motion, the State argued that it was entitled to judgment based on governmental immunity. This appeal followed.

An appeal ordinarily may be taken only from a final judgment. *Newman v. Obersteller*, 960 S.W.2d 621, 623 (Tex. 1997). Generally, denial of a motion for summary judgment is not a final judgment and is therefore not appealable. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996). Under section 51.014(5) of the Texas Civil Practice and Remedies Code, however, a person may appeal an interlocutory order denying a motion for summary judgment that is based on an assertion of immunity by an individual who is an employee of the State or a political subdivision of the State. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon 1997). A claim of governmental immunity may be

based on an individual's assertion of official immunity and therefore fall within the ambit of § 51.014(5).

In reviewing a summary judgment record, appellate courts must apply the following standards: (1) the movant has the burden of showing that there is no issue of material fact and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant moves for summary judgment on the basis of an affirmative defense, he must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).

Official immunity is an affirmative defense; thus, the burden is on McClure and the State to establish all elements of the defense. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). Government employees are entitled to official immunity from suit arising from the performance of their discretionary duties in good faith, as long as they are acting within the scope of their authority. *City of Palestine v. Ramirez*, 925 S.W.2d 250, 253 (Tex.App.—Tyler 1996, no writ). The official immunity doctrine is based on the public policy consideration that government officials, when acting in the circumstances above, should be free to conduct the administrative affairs of government effectively and vigorously, without the fear of personal liability or threat of damage suits. *City of Irving v. Pak*, 885 S.W.2d 189, 192 (Tex.App.—Dallas, 1994, writ dism'd w.o.j.).

In their first issue, McClure and the State argue that McClure was performing discretionary acts which entitled him to summary judgment based on official immunity as a matter of law. The first question we must address within this issue is whether McClure's actions were ministerial or discretionary.

As a general rule, official immunity to suit attaches to a governmental employee's official actions only when the employee's job requires the exercise of personal judgment and discretion. *Travis v. City of Mesquite*, 830 S.W.2d 94, 102 (Tex.1992). In contrast, a government employee's performance of duties which are merely ministerial in nature is not protected by official immunity. *Id.* Government employees are subject to suit if their acts are ministerial activities involving mere obedience to orders or performance of duties requiring nongovernmental choices, as opposed to discretionary acts requiring personal deliberation, decision, and judgment involving the government. *City of Irving*, 885 S.W.2d at 192.

Moreover, the discretionary function exception to the waiver of official immunity is designed to avoid judicial review of government policy decisions. *State v. Terrell*, 588 S.W.2d 784, 787 (Tex. 1979). However, a governmental unit is not immune if an injury is caused by the negligent implementation of its policy decisions. *Id.* at 787–88. The State has a longstanding policy of using flagmen to control and protect traffic in and around its road construction and maintenance sites. A flagman for the Texas Department of Transportation serves as part of its governmental function to construct and maintain the roadways of Texas. Governmental construction and maintenance activities are ministerial in nature and give rise to liability under the Tort Claims Act. *Siders v. State*, 970 S.W.2d 189, 192 (Tex. App.—Dallas 1998, rev. denied).

A flagman for a Texas Department of Transportation construction or maintenance site is implementing, at the operational level, a previously made policy decision. *Mitchell v. City of Dallas*, 855 S.W.2d 741, 749 (Tex.App.—Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex.1994). Here, McClure's actions implemented the policy

to use flagmen for construction and maintenance sites operated by the Texas Department of Transportation. McClure has failed to establish as a matter of law that his work as a flagman at a construction and maintenance site operated by the State is covered by official immunity. The first issue raised by McClure and the State is overruled.

We need not address the second issue which maintains that McClure was acting in good faith, since we have held, as a matter of law, that McClure was not entitled to protection under the official immunity doctrine. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). And the third issue raised by the State, in which it contends that it was entitled to summary judgment based on its sovereign immunity through the official immunity of McClure, fails since McClure is not protected by the official immunity doctrine. We overrule issues two and three.

The judgment of the trial court is *affirmed*.