Dennis GROSS and Sam Moore, Appellants,

v.

Priscilla INNES, Individually, as Representative of the Estate of George James Innes, Jr., Deceased, and as Next Friend of Laura Ann Innes and Katlin Amber Innes, Minors; and Ruth Innes, Appellees.

No. 05–96–00019–CV.

Court of Appeals of Texas, Dallas.

Aug. 29, 1996.

Rehearing Overruled Oct. 11, 1996.

**238**

Joe C. Tooley, Carla S. Neal, McCauley, MacDonald, Love & Devin, P.C., Dallas, for Appellants.

James E. Girards, Tracy & Girards, Stephen Jay Gugenheim, Rubin & Gugenheim, P.C., Dallas, for Appellees.

Before LAGARDE, KINKEADE and MORRIS, JJ.

## OPINION

KINKEADE, Justice.

This is an interlocutory appeal of an order denying Dennis Gross and Sam Moore's motion for summary judgment that was based, in part, on official immunity. Because the summary judgment evidence did not show that Gross and Moore acted with governmental discretion or that governmental factors colored their discretion, we affirm the trial court's order denying summary judgment.

## BACKGROUND

Dennis Gross and Sam Moore are firefighter/paramedics working for the City of Farmers Branch. On September 11, 1994, they responded to a 911 emergency call for George James Innes, Jr. (Mr. Innes), who was having an asthma attack. Gross and Moore treated Mr. Innes and brought him to a hospital, where he died thirteen days later.

Priscilla Innes and Ruth Innes (the Inneses) brought a wrongful death and survival suit against Gross and Moore. Priscilla Innes is the surviving spouse, and Ruth Innes is the surviving mother, of Mr. Innes. Priscilla Innes filed suit in her individual capacity; in her capacity as representative of Mr. Innes's estate; and as next friend of Mr. Innes's surviving minor children, Laura Ann Innes and Katlin Amber Innes.

The Inneses claim Gross and Moore acted negligently in treating Mr. Innes, thereby causing his death. Gross and Moore filed a motion for summary judgment based, in part, on official immunity. The trial court denied

the motion. Gross and Moore bring this interlocutory appeal, challenging the denial of their motion on the grounds of immunity in one point of error.

## OFFICIAL IMMUNITY

■ Official immunity is an affirmative defense that protects government employees from personal liability. *Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994). It differs from sovereign immunity, which protects governmental entities, not individuals, from liability. *Id.* We note that although governmental entities have sovereign immunity from certain claims arising from responses to emergency calls, no statute protects individual employees from such claims. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.055 (Vernon 1996). The Texas Supreme Court recently held that if a government employee has official immunity, the employer/governmental entity also has sovereign immunity as to respondeat superior liability. *See DeWitt v. Harris County,* 904 S.W.2d 650, 654 (Tex. 1995). Yet the converse—that an individual employee enjoys official immunity whenever his employer/governmental entity has sovereign immunity—is not true. *See, e.g., Kassen,* 887 S.W.2d at 12, 14 (supreme court affirmed summary judgment that had been granted in favor of governmental entity on grounds of sovereign immunity, but reversed summary judgment and directed verdict that had been granted in favor of individual employees on grounds of official immunity). Accordingly, in analyzing whether Gross and Moore are entitled to official immunity, we do not consider whether their employer is entitled to sovereign immunity.

■ The elements of the defense of official immunity are (1) performing a discretionary function (2) in good faith (3) within the scope of the employee's authority. *Id.* at 9. The parties do not dispute that Gross and Moore were acting in good faith and within the scope of their authority. They disagree about the appropriate standard for determining whether Gross and Moore's actions were discretionary.

■ Actions that require personal deliberation, decision, and judgment are discretionary; actions that require obedience to orders or the performance of a duty regarding which the actor has no choice are ministerial. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 654 (Tex.1994). Ordinarily, official immunity does not extend to ministerial actions, but does extend to discretionary actions. *Kassen,* 887 S.W.2d at 9. In *Kassen,* however, the supreme court held that not all discretionary acts performed by government-employed medical personnel are entitled to official immunity. *Id.* at 11. Government-employed medical personnel are not immune from tort liability if the character of the discretion they exercise is medical and not governmental. *Id.* Such employees are not entitled to official immunity when exercising medical discretion; they are entitled to immunity only when exercising governmental discretion. *Id.* One example of an exercise of governmental discretion is deciding how to allocate scarce state resources among patients. *See id.* at 10. The court also noted that difficult cases may arise in which governmental factors colored an employee's otherwise medical discretion. *See id.* at 12. In such cases, the employee may still be entitled to official immunity based on a balance of individual rights and the public interest. *Id.*

### *Kassen* Applies to Government–Employed Paramedics

■ The Inneses contend that the governmental discretion standard announced in *Kassen* applies to government-employed paramedics because they are government-employed medical personnel. Gross and Moore disagree, arguing that: (1) precedent from other states does not support applying *Kassen* to paramedics; (2) public policy dictates that *Kassen* not apply to paramedics; (3) *Kassen* is limited to doctors and nurses or those who are authorized to exercise "independent medical judgment"; (4) *Kassen* is limited to employees who are "health care providers" as that term is defined in TEX. REV.CIV. STAT. ANN. art. 4590i, § 1.03(3) (Vernon.Supp.1996); and (5) *Kassen* is limited to "licensed health professionals" as that term was defined in Texas Department of Health regulations on "Nurse Aids" at 25 TEX. ADMIN. CODE § 151.2 (West 1991). (We note that 18 Tex. Reg. 5887, 5889 (1993) shows

that this definition of "licensed health professionals" was transferred from the regulations of the Texas Department of Health to those of the Texas Department of Human Services; the definition is currently codified in Texas Department of Human Services regulations on "Nurse Aids" at 40 TEX. ADMIN. CODE § 94.2 (West 1996)).

Gross and Moore urge this Court to consider case law from other states in determining whether *Kassen* applies to them. Because Texas cases provide clear authority on the issue, however, case law from other states is irrelevant.

Gross and Moore argue public policy dictates that *Kassen* not apply to paramedics. They claim that applying the *Kassen* standard to determine whether paramedics have official immunity would discourage people from becoming paramedics, inhibit paramedics in discharging their duties, and discourage governmental entities from providing emergency medical services. The supreme court considered such public policy concerns in *Kassen*. The court rejected the argument that public policy demanded official immunity for all discretionary acts medical personnel perform, saying that once government-employed medical personnel begin treating patients, they owe the same duty of care as any medical professional. *See Kassen*, 887 S.W.2d at 10. Because the *Kassen* court considered and rejected a public policy argument substantially similar to Gross and Moore's, we conclude public policy does not preclude applying *Kassen* to paramedics.

Although the narrow issue in *Kassen* was whether a particular doctor and a particular nurse at a public hospital were entitled to official immunity, the supreme court referred to the "primary issue" before it in terms of the appropriate standard for "applying the doctrine of official immunity to government-employed *medical personnel*." *Kassen*, 887 S.W.2d at 9 (emphasis added). When the court restated the issue, it said it had to "decide which discretionary acts performed by state-employed *medical personnel* are entitled to official immunity." *Id.* at 10 (emphasis added). The court used the same language in its holding: "We hold that government-employed *medical personnel* are not

immune from tort liability if the character of the discretion they exercise is medical and not governmental." *Id.* at 11 (emphasis added). Although the court referred to "doctors and nurses" and "health care providers" in various parts of the *Kassen* opinion, it did not frame the issue to be decided or its holding in those terms. It did not refer to any statutory definition of the term "health care provider." It did not use the term "licensed health professionals" in the opinion at all, much less refer to a definition appearing in the Texas Department of Human Services regulations on "Nurse Aids." It also did not use the term "independent medical judgment." If the court had chosen to limit its holding to doctors and nurses or to those with "independent medical judgment" or to "independent health care providers" or to "licensed health care professionals," it could have used such language. Instead, in framing both the issue and the holding in the case, the court referred to government-employed "medical personnel." We conclude the supreme court meant that *Kassen* applies to all government-employed medical personnel.

Courts have already applied the governmental discretion standard announced in *Kassen* to employees who were not doctors or nurses, but who were considered medical personnel for purposes of analyzing official immunity. *See Drogin v. Campbell*, 928 S.W.2d 205, 205–206 (Tex.App.—San Antonio 1996, n.w.h.) (applying *Kassen* to a social worker as well as to doctors and nurses); *Bossley v. Dallas County MHMR*, No. 05–91–00284–CV, slip op. at 8, —— S.W.2d ——, ——, 1995 WL 73076 (Tex.App.—Dallas Feb.17, 1995, n.w.h.) (mot. for reh'g pending). In *Bossley*, this Court listed the names of the employee defendants, two of which were followed by the designation "M.D.," one of which was followed by the designation "R.N.," and eight of which were followed by no designation. *Bossley,* —— S.W.2d at ——. Although several of the employee defendants were not doctors or nurses, they described themselves as having duties relating to " 'the care and treatment of . . . patients.' " *Id.* at ——. This Court considered all the employees to be government-employed medical per-

sonnel and applied *Kassen* in determining whether they were entitled to official immunity. *Id.*

This Court has also treated paramedics as medical personnel in analyzing official immunity issues. *See City of Irving v. Pak,* 885 S.W.2d 189, 192–93 (Tex.App.—Dallas 1994, writ dism'd w.o.j.). (By implication, the supreme court in *Kassen* rejected the standard set forth in *Pak* for determining when government-employed medical personnel are entitled to official immunity. *Kassen,* 887 S.W.2d at 9–12.) Gross and Moore do not argue that paramedics are not medical personnel. We conclude Gross and Moore are government-employed medical personnel who are entitled to official immunity only if their actions satisfied the *Kassen* governmental discretion standard.

### Applying the *Kassen* Standard

We must now decide whether Gross and Moore satisfied their burden at summary judgment under the *Kassen* standard. In their sole point of error, Gross and Moore challenge the denial of summary judgment based on the affirmative defense of official immunity. When defendants move for summary judgment based on an affirmative defense, they must plead and conclusively establish each essential element of that defense. *International Union UAW Local 119 v. Johnson Controls, Inc.,* 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). Under *Kassen,* the essential elements of the defense of official immunity for government-employed medical personnel are (1) performing a function with governmental, rather than medical, discretion (2) in good faith (3) within the scope of the employee's authority. *Kassen,* 887 S.W.2d at 9, 11. If governmental factors colored an employee's medical discretion, policy concerns may still call for official immunity based on a case-by-case balance of individual rights and the public interest. *Id.* at 12. The parties do not dispute that Gross and Moore were acting in good faith and within the scope of their authority.

The Inneses claim Gross and Moore acted negligently in treating Mr. Innes and that, among other things, Gross and Moore did not recognize the need to immediately: (1) establish and maintain an airway; (2) intubate Mr. Innes; (3) use certain ventilation techniques; (4) transport Mr. Innes to an emergency room; and (5) contact a supervising physician to request treatment orders. The parties agree that these acts involved discretion. The only issue is the nature of that discretion. (Because government employees are entitled to official immunity for only discretionary acts, if Gross and Moore's actions did not involve any discretion, they would not be entitled to official immunity. *See id.* at 9.)

Gross and Moore had the burden to show conclusively that either: (1) their actions regarding the Inneses' claims resulted from governmental discretion and not medical discretion; or (2) governmental factors colored their medical discretion and they should receive official immunity based on a balance of individual rights and the public interest.

Gross and Moore do not claim they acted with governmental, and not medical, discretion. Rather, they claim governmental factors colored their medical discretion, entitling them to immunity under a balance of individual rights and the public interest. They contend their summary judgment proof conclusively established that governmental factors colored their discretion because it showed they did not have the option to refuse treating Mr. Innes, and that they used discretion in deciding: (a) what equipment to use; (b) who would stay in the back of the ambulance; (c) what hospital to take Mr. Innes to; and (d) what information to provide supervising physicians and when to provide it. Gross and Moore misconstrue their burden and the nature of governmental factors. We address their contentions in turn.

First, the fact that Gross and Moore did not have the option to refuse treating Mr. Innes is not a governmental factor coloring medical discretion in this case. No summary judgment evidence showed that Gross and Moore would have refused to treat Mr. Innes if they had had that option or how this factor influenced their medical discretion once they began treating Mr. Innes.

Second, deciding what equipment to use in treating Mr. Innes was an exercise of medi-

cal discretion. Gross and Moore did not put forth evidence that governmental factors influenced that decision. For example, they did not provide evidence that the equipment they needed to treat Mr. Innes was unavailable due to governmental factors.

Third, Gross and Moore have not shown how deciding who would stay in the back of the ambulance was based on governmental, rather than medical, factors or how that decision impacted any of the actions the Inneses claim were negligent.

Fourth, Gross and Moore have not shown how governmental factors influenced them in deciding which hospital to take Mr. Innes to or how that decision impacted any of the allegedly negligent actions of which the Inneses complain.

Fifth, Gross and Moore have not shown how governmental factors influenced them in providing information to supervising physicians. Indeed, part of the Inneses' complaint is that Gross and Moore did not contact a supervising physician sooner. Gross and Moore did not show that governmental factors influenced their decision on when to contact a supervising physician.

We conclude Gross and Moore's summary judgment evidence did not conclusively establish that governmental factors colored their discretion. Therefore, we do not balance individual rights and the public interest to determine whether Gross and Moore are entitled to official immunity. Because the acts of which the Inneses complain did not involve governmental discretion and were not colored by governmental factors, we conclude the trial court did not err in denying summary judgment based on official immunity. We overrule Gross and Moore's sole point of error.

We affirm the trial court's order denying Gross and Moore's motion for summary judgment.