Ricky BOZEMAN, Appellant,

v.

Juan A. TREVINO, Gloria Vela, Steven Lovelady and the City of San Antonio, Appellees.

No. 04–90–00183–CV.

Court of Appeals of Texas, San Antonio.

Feb. 20, 1991.

Michael W. White, Susan Finklestein, San Antonio ACLU, San Antonio, for appellant.

Christine Chemell, Asst. City Atty., San Antonio, for appellee.

Before BUTTS, PEEPLES and BIERY, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment granted in favor of the defendants, City of San Antonio and police officers Juan Trevino, Gloria Vela, and Steven Lovelady. *See* TEX.R.CIV.P. 166a. Appellant Ricky Bozeman filed suit against the City and the police officers in their official and individual capacities[1] after he was arrested on April 25, 1986, and charged with violating a City ordinance prohibiting the carrying of glass containers on carnival grounds. The plaintiff's petition asserted a cause of action against the police officers for assault, battery, negligence, and negligence per se and against the City pursuant to the Texas Tort Claims Act.

Bozeman alleged that the arresting officers, Vela and Trevino, beat him on the head with nightsticks causing a flesh wound. Bozeman was taken to the hospital by two other police officers, one being Officer Lovelady who Bozeman claimed choked him with a nightstick in the backseat of the patrol car during the ride to the hospital. The defendants answered the suit, denying allegations of unnecessary force, claiming that Bozeman made threatening advances and gestures to the police officers as they were attempting to escort him outside the carnival grounds and that blows against Bozeman were necessary for the officers' self-defense. The City and the police officers moved for summary judgment in a joint motion on the sole basis that the suit was barred by the doctrine of governmental immunity because Bozeman failed to meet the notice provisions of the Texas Tort Claims Act. The trial court granted the summary judgment in favor of the police officers and the City.

Appellant Bozeman concedes that the City did not receive proper notice of his potential claim as required under the Tort Claims Act, and this court agrees. However, Bozeman contends that the trial court erred in granting summary judgment in favor of the individual police officers based upon the notice provisions of the Tort Claims Act because his petition alleged individual liability for common law claims against the police officers.

In *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970), the Court stated:

> [T]he question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action.

*Id.* at 828. As this is a summary judgment case, we must determine whether the individual police officers met their burden by establishing that there exists no genuine issue of material fact, thereby entitling them to judgment as a matter of law. In so doing, we view the evidence in the light most favorable to the nonmovant, resolving all doubts as to the existence of a genuine issue of material fact against the movant. *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990) (citations omitted).

Bozeman's petition asserts, in general terms, various common law causes of action against Officers Trevino, Vela, and Lovelady. The police officers moved for summary judgment only on the basis of absolute immunity under the Tort Claims Act. Consequently, they were required to conclusively prove the defense as a matter of law to all theories of recovery alleged by Bozeman. *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1985). The notice provisions of the Tort Claims Act apply to a "governmental unit", TEX.CIV.PRAC. & REM.CODE § 101.021, 101.101 (Vernon 1986), and therefore, do not apply to a claim against an employee based upon individual liability. Persons can still be sued in their individual capacities for wrongful unofficial acts. *See Bagg v. University of*

---

1. Although plaintiff's original petition only generally refers to separate causes of action against the police officers, this court is required to construe the plaintiff nonmovant's pleadings liberally. The City does not contest the fact of a suit brought against the officers in their individual capacities.

*Texas Medical Branch,* 726 S.W.2d 582, 586 (Tex.App.—Houston [14th Dist.] 1987, no writ).

 Police officers, as public servants, are entitled to *qualified immunity* when they are acting within the course and scope of their authority, performing discretionary functions, and acting in good faith. *See Dent v. City of Dallas,* 729 S.W.2d 114, 117 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988) (applying the doctrine of qualified immunity to the actions of a police officer); *accord Austin v. Hale,* 711 S.W.2d 64, 66 (Tex.App.—Waco 1986, no writ). While that defense may be alleged in a motion for summary judgment, and proof may establish that defense as a matter of law, the motion for summary judgment in the present case failed to assert the defense of qualified immunity to the causes of action against the police officers in their individual capacities. Nor was there summary judgment evidence to establish the defense as a matter of law. The question whether public servants enjoy immunity from liability for their torts is a question distinct from that of the sovereign's immunity. *Perry v. Texas A & I University,* 737 S.W.2d 106, 109 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.) (quoting *Baker v. Story,* 621 S.W.2d 639, 643 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.). That issue was not presented to the trial court by the City and police officers-movants for disposition as a matter of law. Thus that question remains to be decided.

We therefore affirm the summary judgment in favor of the City. We sustain the point of error as to the individual liability of the officers. That portion of the summary judgment purporting to dispose of the claims against the individuals is reversed and remanded for trial.