NO. 07-03-0128-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 18, 2003


______________________________



ROBERT B. MCCALL, 



 Appellant


v.



RAQUEL S. HASKINS, ET AL., 



 Appellees

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 90,543-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

 Robert B. McCall (McCall) appeals from an order dismissing, as frivolous and
malicious, his lawsuit against Raquel S. Haskins and other employees of the Texas
Department of Criminal Justice. We dismiss the appeal.

 The trial court's order of dismissal was signed on February 18, 2003. McCall filed
his notice of appeal on March 3, 2003. No filing fee accompanied the notice. Nor does
the appellate record indicate that he filed an affidavit of indigence in the trial court with or
before his notice of appeal. (1) See Tex. R. App. P. 20.1(c)(1) (stating that an appellant must
file the affidavit of indigence in the trial court with or before the notice of appeal). The
clerk of this court notified appellant of the omission via letter dated March 17, 2003. 
Through that letter, the clerk also notified appellant that the failure to pay the requisite fee
may result in the dismissal of the appeal. 

 Instead of delivering the requisite fee, McCall filed, on March 31, 2003, a document
entitled "Affidavit of Inability on Appeal." Therein, he merely claims to be "unable to pay
the court costs or marshall [sic] fees." Nothing is said about his income, assets, debts,
dependents, or the like, as required by Texas Rule of Appellate Procedure 20.1(b). (2) See
In re Chavez, 62 S.W.3d 225, 227 (Tex. App.-Amarillo 2001, orig. proceeding) (holding
the relator's mere statement that "I am indigent and unable to pay, or give security . . . [for]
any filing fees or costs . . . ." did not entitle him to the status of an indigent). Nor was the
document filed at a time which permitted anyone to contest it under appellate rule 20.1(e). 
 Because McCall has neither paid the filing fee nor relieved himself of the obligation
to do so by complying with Texas Rule of Appellate Procedure 20.1, we dismiss the appeal
under Texas Rule of Appellate Procedure 42.3(c). 

 

 Per Curiam
1. McCall did file a document purporting to illustrate his indigent status with the trial court when suit
was initiated. However, that did not relieve him from his obligation to file another when attempting to perfect
an appeal; nor did it entitle him to proceed as an indigent. Holt v. F. F. Enterprises, 990 S.W.2d 756, 758-59
(Tex. App.-Amarillo 1998, pet. denied).
2. According to Rule 20.1(b), the affidavit must contain "complete information" about the affiant's
income, that of his spouse, if any, his assets, his cash on deposit, his dependents, and his debts, among
other things. Tex. R. App. P. 20.1(b). 



 have, on his own behalf or on behalf of his
son . . . ." The City and Riddle assert they were entitled to summary judgment because the
affirmative defense of lack of notice was established as a matter of law. Standard of Review

 In reviewing a summary judgment, this Court must apply well-established standards
which are: (1) the movant for summary judgment has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) 
in deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true; and (3) every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its favor. 
Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548-49 (Tex. 1985). For a party to prevail on a motion for summary
judgment, he must conclusively establish the absence of any genuine question of material
fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A
movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710
S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's
cause of action. Randall's Food Mkts, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 
Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial court any
issues that would preclude summary judgment. City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64
(Tex.App.-Houston [1st Dist.] 1996, writ denied). Issues that the non-movant contends
preclude the granting of a summary judgment must be expressly presented to the trial court
by written answer or other written response to the motion and not by mere reference to
summary judgment evidence. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337,
341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be
considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). 

Right to Notice


 At the outset, we distinguish the City's contentions that they are entitled to notice 
from Riddle's contentions that he is entitled to notice. The notice requirements of
§101.101(a) apply only to governmental units and do not apply to claims against an
employee based upon individual liability. Bozeman v. Trevino, 804 S.W.2d 341, 342
(Tex.App.-San Antonio 1991, no writ). Because Bosler contends that Riddle was
individually liable for his negligence, those claims would not be barred by failing to provide
notice pursuant to § 101.101(a), and the trial court erred in so finding.

Formal Written Notice 


 Next we must consider whether the City received adequate statutory notice as
required by § 101.101(a). The TTCA requires a claimant to provide a governmental unit
with formal, written notice of a claim against it within six months of the incident giving rise
to the claim. Such notice must reasonably describe (1) the damage or injury claimed; (2)
the time and place of the incident; and (3) the incident.

 The record shows that four days after the accident giving rise to the underlying 
litigation, a local personal injury attorney informed the City, in writing, that he represented 
the driver of the vehicle and her minor children "regarding injuries to Ms. Cameron and
Colton and the death of Courtney as a result of the . . . referenced automobile accident." 
The letter indicated that the accident involved a police cruiser and it identified the date of
accident as December 7, 2002. The City argues that this notice is insufficient to apprize
it of its fault in causing the alleged injuries. The City further argues that notice is
insufficient as to the survivorship and personal injury claims of Courtney and Colton
because those claims are being brought on behalf of the minor children by their father,
Bosler, as opposed to being brought by their mother, Theresa Cameron. Still further, the
City argues that said notice is insufficient as to the wrongful death claims of Bosler
because the notice clearly does not mention him. 

 The purpose of the notice requirement is to ensure prompt reporting of claims in
order to enable governmental units to gather information necessary to guard against
unfounded claims, settle claims, and prepare for trial. City of Houston v. Torres, 621
S.W.2d 588, 591 (Tex. 1981). Formal written notice does not require the claimant specify
the capacity in which a claim may be made; therefore, it is irrelevant whether the notice
originated from the mother or the father. The Glasheen letter of December 11 reasonably
described (1) the damage or injury claimed ("injuries to . . . Colton and the death of
Courtney), (2) the time and place of the incident ("the above referenced automobile
accident", "D/accident: December 7, 2002", and "cruiser involved in this accident" -
referring to accident with Theresa Cameron), and (3) the incident ("the above referenced
automobile accident"). The letter provided the City with information sufficient to meet the
purpose of the notice provision as it pertained to the survivorship and personal injury
claims of Courtney and Colton. As to the wrongful death claims, the City received sufficient
information to put it on notice that a wrongful death claim might be asserted. For purposes
of the notice provisions of § 101.101(a), it is immaterial whether Cameron or Bosler
ultimately asserted those claims. Because the City received formal written notice, the trial
court erred in granting summary judgment pursuant to § 101.101(a) as to the City.

 Bosler further argues that, even assuming arguendo that the Glasheen letter did not
constitute formal written notice, the City did have actual notice sufficient for purposes of
§ 101.101(c).Actual Notice

 The formal notice requirements of § 101.101(a) do not apply if the governmental unit
has actual notice that death has occurred or that the claimant has received some injury. 
§ 101.101(c). Actual notice to a governmental unit requires knowledge of (1) death, injury,
or property damage; (2) the governmental units's alleged fault producing or contributing to
the death, injury, or property damage; and (3) the identity of the parties involved. Cathey
v. Booth, 900 S.W.2d 339, 340 (Tex. 1995). Actual notice under this provision of the TTCA
requires that the governmental unit have the knowledge or information that it would have
had under the Act's notice provision and a subjective awareness that its alleged or possible
fault could have produced or contributed to the death or claimed injury. Tex. Dep't of
Criminal Justice v. Simons, 140 S.W.3d 338 (Tex. 2004). Mere investigation of an incident
does not provide a governmental unit with the requisite knowledge; however, absolute
certainty is not required. See id. at 339. 

 The City had actual notice that a police cruiser was involved in a motor vehicle
accident, involving a fatality, that occurred on December 7, 2002. Bosler's response to the
City's motion for summary judgment further establishes that officers investigating the
accident were told by an eye-witness, Nakeesha Turner, that immediately prior to the
accident the officer was speeding and "appeared to be traveling at 60 to 65 mph" in a 45
mph zone. Regardless of whether this information was subjectively believed to be true, it
can reasonably be assumed that such information, if pursued, would reveal the City's
alleged or possible fault producing or contributing to the injury. The fact that the City
conducted an extensive investigation, which they believe exonerated Riddle of any
wrongdoing, is evidence itself that the City was on notice of its possible fault. The
investigation in the underlying case is distinguishable from the investigation in Simons. In
the Simons case the investigation gave no indication that the governmental unit was at
fault; whereas, the investigation in this case revealed disputed allegations of fault. The City
cannot simply ignore those facts indicating possible culpability for purposes of claiming lack
of notice pursuant to § 101.101(c). Actual notice is a fact question precluding summary
judgment, whenever the evidence is disputed. Simons, 140 S.W.3d at 348.

 Because the City was aware of the death of Courtney and the injuries to Colton,
they had actual notice of (1) the death or injuries, and (2) the identity of the parties
involved. Furthermore, because the City was aware of the governmental unit's alleged or
possible fault producing or contributing to the death or injury, they had actual notice for
purposes of § 101.101(c). See Cathey, 900 S.W.2d at 340.

Conclusion


 We hold that Officer Riddle was not entitled to notice pursuant to § 101.101(a). We
further hold that the City of Lubbock received formal written notice of Bosler's claims
pursuant to § 101.101(a), and imputed actual notice pursuant to § 101.101(c). The trial
court erred by granting both the City and Riddle's Motion for Summary Judgment based
upon a lack of notice. Accordingly, the trial court's judgment is reversed and this cause is
remanded for further proceedings.


 Patrick A. Pirtle

 Justice
1. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon Supp. 2006). All
section references herein are references to the Texas Tort Claims Act.