NO. 07-05-0283-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 7, 2007

_____

CHARLES EMMANUEL BOSLER, AS SURVIVING PARENT OF COURTNEY
NICOLE HILDA BOSLER AND CHARLES EMMANUEL BOSLER,
AS GUARDIAN OF COLTON ETHAN C. BOSLER, APPELLANT

V.

TRAVIS RIDDLE AND THE CITY OF LUBBOCK, APPELLEES

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-522,646; HONORABLE SAM MEDINA, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON MOTION FOR REHEARING**

By our judgment and opinion dated February 2, 2007, this Court reversed the trial court's order granting summary judgment in favor of Officer Travis Riddle based upon the fact the trial court erred in ruling that Officer Riddle was entitled to notice pursuant to §

101.101(a) of the Texas Tort Claims Act (TTCA)[1]. By motion for rehearing, Appellees Officer Travis Riddle and the City of Lubbock contend that Appellant Charles Emmanuel Bosler waived this error. We grant the motion for rehearing, withdraw our opinion and judgment of February 2, 2007, and issue the following opinion.

Bosler, as surviving parent of Courtney Nicole Hilda Bosler and as guardian of Colton Ethan C. Bosler, appeals from a summary judgment entered in favor of The City and its employee, Officer Riddle, based upon a failure to comply with the notice provisions of the TTCA. Finding error, we reverse as to the City of Lubbock; but affirm as to Officer Riddle based upon a waiver of error as to him.

## Facts

On December 7, 2002, a police cruiser being driven by Riddle collided with a motor vehicle being driven by Theresa Cameron, as she attempted to make a left-hand turn in front of Riddle. Cameron's children, Courtney and Colton, were in the vehicle with her at the time of the collision. Courtney and Colton both sustained injuries in the accident; however, Courtney did not survive. Four days later, Kevin Glasheen, a Lubbock personal injury attorney, sent a letter to the Lubbock City Police Department indicating that he had been retained to represent Cameron and her minor children "regarding injuries to Ms. Cameron and Colton and the death of Courtney as a result of the . . . referenced

---

[1]Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon Supp. 2006). All section references herein are references to the Texas Tort Claims Act.

automobile accident." The letter indicated the accident involved a police cruiser and it identified the date of accident as December 7, 2002. Theresa Cameron never filed suit; however, the children's biological father, Charles Emmanuel Bosler, brought suit on July 2, 2003, seeking recovery of damages for the wrongful death and survivorship claims of Courtney and the personal injury claims of Colton. Eight months later, both the City and Riddle sought summary judgment claiming that Bosler did not give notice of his claims within six months of the incident giving rise to the claims as required by § 101.101(a) of the TTCA. The trial court agreed and granted summary judgment in favor of both the City and Riddle.

## Bosler's Contentions

Bosler contends the trial court erred in granting summary judgment because the Glasheen letter of December 11 constituted formal written notice in compliance with §101.101(a). Alternatively, he contends the City had *actual notice* of the claims sufficient to avoid summary judgment as per §101.101(c). Finally, Bosler claims the trial court erred in granting summary judgment because it denied his motion to compel discovery, which, if allowed, would have established a fact issue with regard to actual notice.

## The City of Lubbock and Officer Riddle's Contentions

The City and Officer Riddle contend that summary judgment was proper because Bosler failed to give notice of "any claim that *he* might have, on his own behalf or on behalf

3

of his son . . . ." The City and Officer Riddle assert they were entitled to summary judgment because the affirmative defense of lack of notice was established as a matter of law.

## Standard of Review

In reviewing a summary judgment, this Court must apply well-established standards which are: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, *MMP, Ltd. v. Jones*, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. *Randall's Food Mkts, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin*

*Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Barbouti v. Hearst Corp.*, 927 S.W.2d 37, 64 (Tex.App.–Houston [1st Dist.] 1996, writ denied). Issues that the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c).

## Right to Notice

The notice requirements of §101.101(a) apply only to *governmental units* and do not apply to claims against an employee based upon individual liability. *Bozeman v. Trevino*, 804 S.W.2d 341, 342 (Tex.App.–San Antonio 1991, no writ). Because Bosler contends that Officer Riddle was individually liable for his negligence, the trial court erred in determining that claims against Officer Riddle were barred by Bosler's failure to provide him notice pursuant to § 101.101(a). However, Bosler did not challenge the granting of summary judgment on this basis, nor did he present a general allegation issue challenging the granting of summary judgment. As such, Bosler failed to assign error to the trial court's granting of summary judgment on this basis. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). Because Bosler did not expressly present to this Court that Officer Riddle was not entitled to notice, he waived that error . *San Jacinto River Authority v. Duke,* 783 S.W.2d 209 ( Tex. 1990).

5

## Formal Written Notice

The TTCA requires a claimant to provide a governmental unit with formal, written notice of a claim against it within six months of the incident giving rise to the claim. Such notice must reasonably describe (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident. We conclude the City received adequate statutory notice as required by § 101.101(a).

The record shows that four days after the accident giving rise to the underlying litigation, a local personal injury attorney informed the City, in writing, that he represented the driver of the vehicle and her minor children "regarding injuries to Ms. Cameron and Colton and the death of Courtney as a result of the . . . referenced automobile accident." The letter indicated that the accident involved a police cruiser and it identified the date of accident as December 7, 2002. The City argues that this notice is insufficient to apprize it of its fault in causing the alleged injuries. The City further argues that notice is insufficient as to the survivorship and personal injury claims of Courtney and Colton because those claims are being brought on behalf of the minor children by their father, Bosler, as opposed to being brought by their mother, Theresa Cameron. Still further, the City argues that said notice is insufficient as to the wrongful death claims of Bosler because the notice clearly does not mention him.

The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against

6

unfounded claims, settle claims, and prepare for trial. *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex. 1981). Formal written notice does not require the claimant specify the capacity in which a claim may be made; therefore, it is irrelevant whether the notice originated from the mother or the father. The Glasheen letter of December 11 reasonably described (1) the damage or injury claimed ("injuries to . . . Colton and the death of Courtney), (2) the time and place of the incident ("the above referenced automobile accident," "D/accident: December 7, 2002," and "cruiser involved in this accident" - referring to accident with Theresa Cameron), and (3) the incident ("the above referenced automobile accident"). The letter provided the City with information sufficient to meet the purpose of the notice provision as it pertained to the survivorship and personal injury claims of Courtney and Colton. As to the wrongful death claims, the City received sufficient information to put it on notice that a wrongful death claim might be asserted. For purposes of the notice provisions of § 101.101(a), it is immaterial whether Cameron or Bosler ultimately asserted those claims. Because the City received formal written notice, the trial court erred in granting summary judgment pursuant to § 101.101(a) as to the City.

Bosler further argues that, even assuming *arguendo* that the Glasheen letter did not constitute formal written notice, the City did have actual notice sufficient for purposes of § 101.101(c).

7

## Actual Notice

The formal notice requirements of § 101.101(a) do not apply if the governmental unit has actual notice that death has occurred or that the claimant has received some injury. § 101.101(c). Actual notice to a governmental unit requires knowledge of (1) death, injury, or property damage; (2) the governmental units's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995). Actual notice under this provision of the TTCA requires that the governmental unit have the knowledge or information that it would have had under the Act's notice provision *and* a subjective awareness that its alleged or possible fault could have produced or contributed to the death or claimed injury. *Tex. Dep't of Criminal Justice v. Simons,* 140 S.W.3d 338 (Tex. 2004). Mere investigation of an incident does not provide a governmental unit with the requisite knowledge; however, absolute certainty is not required. *See id.* at 339.

The City had actual notice that a police cruiser was involved in a motor vehicle accident, involving a fatality, that occurred on December 7, 2002. Bosler's response to the City's motion for summary judgment further establishes that officers investigating the accident were told by an eye-witness, Nakeesha Turner, that immediately prior to the accident the officer was speeding and "appeared to be traveling at 60 to 65 mph" in a 45 mph zone. Regardless of whether this information was subjectively believed to be true, it can reasonably be assumed that such information, if pursued, would reveal the City's

8

*alleged or possible* fault producing or contributing to the injury. The fact that the City conducted an extensive investigation, which they believe exonerated Riddle of any wrongdoing, is evidence itself that the City was on notice of its *possible* fault. The investigation in the underlying case is distinguishable from the investigation in *Simons.* In the *Simons* case the investigation gave *no* indication that the governmental unit was at fault; whereas, the investigation in this case revealed disputed allegations of fault. The City cannot simply ignore those facts indicating possible culpability for purposes of claiming lack of notice pursuant to § 101.101(c). Actual notice is a fact question precluding summary judgment, whenever the evidence is disputed. *Simons,* 140 S.W.3d at 348.

Because the City was aware of the death of Courtney and the injuries to Colton, they had actual notice of (1) the death or injuries, and (2) the identity of the parties involved. Furthermore, because the City was aware of the governmental unit's alleged or possible fault producing or contributing to the death or injury, they had actual notice for purposes of § 101.101(c). *See Cathey*, 900 S.W.2d at 340.

## Conclusion

We find that the City of Lubbock received formal written notice of Bosler's claims pursuant to § 101.101(a), and imputed actual notice pursuant to § 101.101(c). The trial court erred by granting the City's Motion for Summary Judgment based upon a lack of notice.

Accordingly, that portion of the trial court's summary judgment as to the City of Lubbock is reversed and the cause is remanded for further proceedings; in all other respects the judgment is affirmed.


Patrick A. Pirtle
Justice